IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TODD BURTON SARVER,<br><br>    Defendant.<br>_____/ | No. CR 05-00673-1 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MAY 11, 2006 AT 2:30 P.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** the motion to strike to the extent Defendant asks the Court to declare 18 U.S.C. § 17(a) unconstitutional as a violation of the cruel and unusual punishment clause of the Eighth Amendment.

The Court **tentatively DENIES WITHOUT PREJUDICE** the motion to strike to the extent Defendant asks the Court to find that automatic evaluation by the Government violates the Fifth Amendment.

The parties each shall have 15 minutes to address the following questions:

1. Is Defendant limiting his constitutional challenge to section 17(a) to an "as applied" challenge?

2. What is the Government's response to Defendant's assertion that *United States v. Kidder*, 869 F.2d 1328, 1333 (9th Cir. 1989) demonstrates that he has raised this issue in the appropriate procedural fashion and, thus, his constitutional challenge to the IDRA is not foreclosed by *Robinson v. California*, 370 U.S. 660 (1962)?

3. What is Defendant's best argument that there is a nexus between Mr. Sarver's actions (robbing banks) and the status of his being mentally ill? *See Jones v. City of Los Angeles*, 2006 WL 988301 at *15 (citing *Powell v. Texas*, 392 U.S. 514, 550 n.2. (1968) (White, J. concurring in judgment)); *United States v. Butler*, 1990 WL 4676, *4 (9th Cir. Jan. 23, 1990) (rejecting argument made in this case because "evidence at trial did not establish facts that would allow Butler to claim that his act was the product of a compulsion such that punishing him would be unconstitutional," *i.e.* there was no nexus between the acts being punished and defendant's mental state such that he was being punished for the status of being mentally ill).

4. Relying on a law review article, Defendant asserts in a footnote that the lack of a volitional prong in Section 17(a) also violates his Sixth Amendment rights to present a defense and his Fifth Amendment rights to a fair trial and to substantive due process. Having failed to present substantive arguments on these issues, why should the Court consider them?

2

5. Is the Government going to move to have Mr. Sarver examined under Rule 12.2(c)(1)(B)?

Dated: May 10, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE