**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TODD BURTON SARVER,<br><br>　　　　Defendant.<br>_____/ | No. CR 05-00673-1 JSW<br><br>**ORDER DENYING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S MOTION TO STRIKE** |

### INTRODUCTION

This matter comes before the Court upon consideration of Defendant's motion to strike 18 U.S.C. § 17(a) and 18 U.S.C. § 4242(a). Having considered the parties' pleadings, relevant legal authority, and the record in this case, the Court DENIES Defendant's motion to the extent he asks the Court to declare that the elimination of the volitional prong from the federal insanity defense, 18 U.S.C. § 17(a) violates the Eighth Amendment as applied to his case. Further, the Court DENIES WITHOUT PREJUDICE the motion to the extent Defendant asks the Court to declare that automatic evaluation by the Government violates his Fifth Amendment rights.

### BACKGROUND

Defendant is charged in with two counts of bank robbery in violation of 18 U.S.C. § 2113(a). When Defendant initially appeared before the Magistrate, his counsel requested an immediate competency evaluation, to which the Government objected. The Magistrate Judge ordered pretrial services to arrange a local competency evaluation, but that never occurred. (Declaration of Daniel Blank, ¶ 2.) On November 10, 2005, his initial appearance before this Court, the Government moved for a competency evaluation but the Court declined to set a

hearing at that time on counsel's representation that his client was stable. (Docket No. 10.) On December 6, 2005, however, the Court ordered an initial evaluation to determine Defendant's competency. (Docket No. 15.) On March 16, 2006, the Court found Defendant competent to stand trial. (Docket No. 32.) On that same day, Defendant filed his notice of intent to pursue an insanity defense and filed the instant motion.

## ANALYSIS

Defendant moves to strike a limitation on the insanity defense imposed by the Insanity Defense Reform Act ("IDRA") on the ground that it violates the Eighth Amendment as applied to his case. Defendant does not raise a facial challenge to IDRA.[1] In 1984, Congress enacted IDRA, which provides:

> (a) Affirmative defense.– It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.
>
> (b) Burden of proof.–The defendant has the burden of proving the defense of insanity by clear an convincing evidence.

18 U.S.C. § 17.[2]

Under IDRA, the insanity defense does not include a "volitional" prong, in contrast to tests adopted by most federal jurisdictions prior to IDRA's enactment. *See, e.g., Wade v. United States*, 426 F.2d 64 (9th Cir. 1970). Defendant's theory is that because the federal insanity defense does not include a volitional prong, precluding him from arguing he was "unable to conform his conduct to the requirement of the law," he effectively may be punished for the status of being mentally ill.

In *Jones v. City of Los Angeles*, 2006 WL 988301 (9th Cir. Apr. 14, 2006), the Ninth Circuit was presented with an analogous argument. In that case, homeless defendants

---

[1] Although Defendant asserts in a footnote that the limitation also violated his Sixth Amendment right to present a defense and his Fifth Amendment right to a fair trial, he provided no substantive legal argument supporting these claims and his only authority in support of this position is a law review article. The Court finds that Defendant has failed to properly raise these arguments and, accordingly, it does not reach them.

[2] The Ninth Circuit model jury instruction for the insanity defense tracks the language of the IDRA. *See* Ninth Circuit Model Jury Instruction 6.4.

challenged an Los Angeles city ordinance that "criminalize[d] sitting, lying, or sleeping on public streets and sidewalks at all times and in all places within Los Angeles's city limits." *Id.* at *1. The court concluded that the ordinance violated the Eighth Amendment because it effectively punished the defendants for involuntary conduct which resulted from their status of being homeless. *Id.* at *18. The court's rationale was that the defendants had shown they could not find shelter at the time they were arrested, that sleeping and sitting were "universal and unavoidable consequences of being human," and, thus, the conduct being punished was an integral and unavoidable aspect of being homeless. In so doing, the court relied on the Supreme Court's decisions in *Robinson v. California,* 370 U.S. 660 (1962) and *Powell v. Texas*, 392 U.S. 514 (1968).[3]

The *Jones* court read *Robinson* and *Powell* to instruct "that the involuntariness of the act or condition the City criminalizes is the critical factor delineating a constitutionally cognizable status, and *incidental conduct which is integral to and an unavoidable result of that status*, from acts or conditions that can be criminalized consistent with the Eighth Amendment." *Id.* at *11 (emphasis added). The court noted that although the plurality decision upheld Powell's conviction, "five Justices in *Powell* understood *Robinson* to stand for the proposition that the Eighth Amendment prohibits the state from punishing an involuntary act or condition *if it is the unavoidable consequence of one's status or being.*" *Id.* at 15 (citing *Powell*, 392 U.S. at 550 n.2, White, J. concurring in judgment) (emphasis added).

> Because the conclusion that certain involuntary acts could not be criminalized was not dicta ... we adopt this interpretation of *Robinson* and the Cruel and Unusual Punishment Clause as persuasive authority. We also note that in the absence of any agreement between Justice White and the plurality on the meaning of *Robinson* and the commands of the Cruel and Unusual Punishment clause, the precedential value of the *Powell* plurality opinion is limited to its precise facts.

---

[3] In *Robinson*, the Supreme Court held that a statute that made it a criminal offense to be addicted to the use of narcotics violated the Eighth Amendment. In *Powell*, a plurality of the Supreme Court held that a statute making it a criminal offense to get drunk or be found in a state of intoxication in any public place was not unconstitutional, notwithstanding the fact that testimony supported a conclusion that the defendant was an alcoholic who argued he was compelled to drink.

3

*Id.* Accordingly, the court found that *Powell* and *Robinson* "read together, compel us to conclude that enforcement of [the ordinance] at all times and in all places against homeless individuals who are sitting, lying, or sleeping in Los Angeles's Skid Row because they cannot obtain shelter violates the Cruel and Unusual Punishment Clause." *Id.* at *16. The court noted, however, that its holding was a limited one and was based upon the fact that sleeping, lying, and sitting was conduct that "is involuntary and inseparable from status." *Id.*

Although this case involves a defense, Defendant's argument is essentially the same as the argument the defendants made in *Jones*, namely that notwithstanding the fact that he is charged with a crime that punishes conduct, if he is unable to present an insanity defense with a volition prong, he may effectively be punished for the status of being mentally ill. Following the Ninth Circuit's position in *Jones*, and having considered the evidence submitted in connection with Defendant's motion[4], the Court cannot find on the record before it that the conduct that is being criminalized, bank robbery, "is integral to and an unavoidable result of" being mentally ill. Simply stated, there is no nexus between the charged conduct and the Defendant's status. As such, the Court concludes that the limitation on the scope of the federal insanity defense does not violate the Cruel and Unusual Punishment Clause of the Eighth Amendment as applied to the facts of this case.

## CONCLUSION

Accordingly, the Court DENIES Defendant's motion to strike the limitation on the scope of the federal insanity defense. Because the Government has not yet moved to have Defendant formally evaluated, and because the Defendant stated that he does intend to rely on expert testimony if he pursues an insanity defense, the Court DENIES WITHOUT PREJUDICE the motion to the extent it ask the Court to find that compelled evaluation would violate Defendant's Fifth Amendment rights.

The parties are HEREBY ORDERED to appear for a trial setting/status conference on Thursday, June 1, 2006 at 2:30 p.m. The parties should be to be prepared to address trial dates and whether a referral to a Magistrate Judge for a settlement conference would be useful.

---

[4] *See* Declaration of Daniel Blank and Exhibits A-C thereto.

Finally, if the parties believe the time between the date of this Order and the next court date should be excluded from the Speedy Trial Act calculations, they should submit a stipulation and proposed order to the Court setting forth the bases for that request.

**IT IS SO ORDERED.**

Dated: May 18, 2006

                                                JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE